FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

August 19, 2025

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRYAN STANLEY MONHOLLAND,

    Defendant - Appellant.

No. 24-5117
(D.C. No. 4:23-CR-00343-SEH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Bryan Stanley Monholland pleaded guilty to one count of aggravated sexual abuse of a minor under 12 years of age in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(C) & (D).  The district court sentenced him to life imprisonment, to be followed by supervised release for life.  Mr. Monholland appealed, and his counsel filed a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), along with a motion to withdraw.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As required by *Anders*, we afforded Mr. Monholland the opportunity to respond to his counsel's filings, *see id.*, but to date we have not received a substantive response from him.  The government also elected not to file a response.  Having conducted a "full examination of all the proceedings," we conclude the appeal is "wholly frivolous."  *Id.*

Our review of the record does not reveal any nonfrivolous grounds for appealing from the plea.  The district court complied with the applicable provisions of Fed. R. Crim P. 11.  In addition, entering a voluntary and unconditional guilty plea waives most non-jurisdictional defenses.  *See United States v. De Vaughn*, 694 F.3d 1141, 1145-46 (10th Cir. 2012).  The record does not support any challenges that may fall outside this general waiver.

As for the sentence, the statutory minimum term of imprisonment was thirty years.  *See* § 2241(c).  Applying Sentencing Guideline § 4B1.5(a), the presentence report assessed an offense level of 38 and a criminal history category of V, resulting in an advisory Guidelines range of 360 months to life.  Neither party objected to the presentence report.  Counsel identifies one issue regarding the procedural reasonableness of the sentence.  We see no other potential issues regarding either procedural or substantive reasonableness.

Counsel asserts the district court erred in using § 4B1.5(a) to calculate the offense level.  Section 4B1.5(a) applies "[i]n any case in which [1] the defendant's instant offense of conviction is a covered sex crime, [2] § 4B1.1 (Career Offender) does not apply, and [3] the defendant committed the instant offense of conviction

2

subsequent to sustaining at least one sex offense conviction" (bracketed numerals inserted for clarity). Counsel does not take issue with the first two conditions, but she contends that Mr. Monholland's single prior conviction did not qualify as a "sex offense conviction."

As counsel correctly recognizes, however, the issue is reviewable only for plain error because Mr. Monholland did not object at sentencing. *See United States v. Starks*, 34 F.4th 1142, 1156 (10th Cir. 2022). "Under the plain-error rubric, reversal is only warranted where there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1157 (internal quotation marks omitted).

Even if using § 4B1.5(a) to establish the offense level was an error that is plain, it is frivolous for Mr. Monholland to contend the error affected his substantial rights. To satisfy this requirement, a defendant "generally must demonstrate that an error was prejudicial, meaning that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *Starks*, 34 F.4th at 1157 (internal quotation marks omitted). "[A] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted).

If the district court had concluded the conditions for § 4B1.5(a) were not satisfied, it would have moved on to § 4B1.5(b), which applies "[i]n any case in which [1] the defendant's instant offense of conviction is a covered sex crime, [2] neither § 4B1.1 nor subsection (a) of this guideline applies, and [3] the defendant

3

engaged in a pattern of activity involving prohibited sexual conduct" (bracketed numerals inserted for clarity). It would be frivolous to contend § 4B1.5(b) would not apply: the offense of conviction would qualify as a "covered sex crime"; neither § 4B1.1 nor § 4B1.5(a) would apply; and the record would establish Mr. Monholland "engaged in a pattern of activity involving prohibited sexual conduct."

Under § 4B1.5(b)(1), the offense level would have increased by 5 levels, resulting in offense level 43. The criminal history level would have been II instead of V, *see* § 4B1.5(b)(2), but at offense level 43, every criminal history level results in an advisory Guidelines range of life imprisonment. Given the district court's imposition of a life sentence when the recommended Guidelines range was 360 months to life, there is no reasonable probability that the court would have imposed a lesser sentence had the recommended Guidelines range been solely life imprisonment. It thus is frivolous to assert that any error in applying § 4B1.5(a) instead of § 4B1.5(b) affected Mr. Monholland's substantial rights.

For these reasons, notwithstanding any error in using § 4B1.5(a) to calculate the offense level, the appeal is wholly frivolous. We affirm the judgment and grant counsel's amended motion to withdraw.

Entered for the Court

Jerome A. Holmes
Chief Judge

4